DELINQUENT PROPERTY TAXES — PERSONAL TAX LIEN DOCKET Delinquent personal property taxes must be entered on the personal tax lien docket whether or not the ad valorem taxes on the taxpayer's real property are delinquent. That the county assessor may not alter or in any way amend assessments after having received the certificate and equalizations from the State Board of Equalization nor may he alter or amend any assessment while extending the levies from his abstract to the tax rolls. That the county treasurer is the only person authorized to alter tax rolls and then only in accordance with the strict provisions of Title 68 O.S. 2479 [68-2479] and 68 O.S. 2480 [68-2480] (1971). The Attorney General is in receipt of your opinion request wherein you submitted five questions concerning various duties of county treasurers and county assessors. Question No. 2 has been considered as withdrawn pursuant to your request by letter of September 6, 1973. Your first question was as follows: "1. Where a person owns real property and has paid his taxes thereon, but owes delinquent taxes on personal property, must the county treasurer enter such delinquent personal taxes upon the 'Personal Tax Lien Docket' created by 68 O.S. 24306 [68-24306] (9171)?" Title 68 O.S. 24305 [68-24305] (1971) provides in part as follows: "A. Within sixty (60) days after taxes on personal property shall become delinquent as of April 1, the county treasurer shall mail notice to the last-known address of such delinquent taxpayer and cause a general notice to be published one time in some newspaper of general circulation, published in the county, giving the name of each person owing delinquent personal taxes, stating the amount thereof due, and stating that such delinquent personal taxes, if not paid within thirty (30) days from date of this publication, shall be placed on a personal tax lien docket in the office of the county treasurer." Section 68 O.S. 24306 [68-24306](a) of said title further provides: "A. Within thirty (30) days after publication of the general notice required in Section 24305, the county treasurer shall cause a personal tax lien record to be made in a docket for such purpose, showing the names and addresses of all persons, firms and corporations owing delinquent personal taxes, setting forth the delinquent years and amounts due and unpaid, together with penalty and costs as provided in Section 68 O.S. 24303 [68-24303] of this title." It should be noted that neither of the above quoted statutes condition the requirement of publication of delinquent personal property taxes or the placing of same on the personal tax lien docket if they are not paid on the delinquency of real property taxes. Therefore, your first question is answered in the affirmative in that the county treasurer must docket delinquent personal property taxes, pursuant to the above statutes, whether or not the real property taxes have been paid. Your third question which asks us to consider the abstract of assessed valuations to be prepared and submitted to the Excise Board pursuant to 68 O.S. 2473 [68-2473](c) (1971), asked the following: "3. May the county assessor lawfully make any alteration, change or amendment in said assessments after he receives the certificate of assessments and in preparing and filing of the abstract before transmitting same to the county excise board, unless he has a certificate from the Board of Tax Roll Corrections?" The county assessor, after having received the returned list of personal property by individual taxpayers pursuant to 68 O.S. 2430 [68-2430] (1971), may make his adjustment and evaluations pursuant to 68 O.S. 2435 [68-2435] (1971). County assessors also must prepare an assessment roll which is to include the values fixed by him pursuant to 68 O.S. 2471 [68-2471](d) (1971), in order that the county board of equalization might correct, adjust and equalize the taxable value of the property in the county. After adjusting and equalizing the valuations of real and personal property, no changes may be made by the county board of equalization except as provided in 68 O.S. 2459 [68-2459] (1971), which states in part as follows: "After such records have been prepared and the assessed valuations adjusted in accordance herewith, the county board of equalization shall not raise or lower the assessed valuation of any parcel or tract of real estate without hearing competent evidence justifying such change, or until at least one member of said board, or some person designated by the board, has made a personal inspection of such property and made a written report to the board, and in no event shall any such change be made by the county board of equalization if the same would be inconsistent with the equalized value of other similar property in the county." After the equalization by the county board of equalization, the county assessor then prepares his abstract of assessment roll and submits it to the Tax Commission as required by 68 O.S. 2473 [68-2473](a) (1971). The Tax Commission then makes its findings and submits them to the State Board of Equalization as required by 68 O.S. 2462 [68-2462](a) (1971). Title 68 O.S. 2463 [68-2463] (1971) then provides in part as follows: "It shall be the duty of said State Board to examine the various county assessments and to equalize, correct and adjust the same as between the counties by increasing or decreasing the aggregate assessed value of the property or any class thereof, in any or all of them, to conform to the fair cash value thereof as herein defined, and to order and direct the assessment rolls of any county in this State to be so corrected as to adjust and equalize the valuation of the real and personal property of the several counties; . . ." The county assessor then is required, after having received from the State Board of Equalization the certificates of assessment of railroad and public service corporations and the equalized value of real and personal property in his county to prepare an abstract of the assessed valuations of the county in each municipal division thereof and submit them to the county excise board. The statutes above noted do not allow the county assessor to make any changes or adjustments in the assessments after the county board of equalization has made its adjustments and equalizations nor after the State Board of Equalization has made its findings and appropriate orders. Insofar as the Board of Tax Roll Correction Certificate referred to in your question is concerned, this Board meets to consider problems as will be discussed later after the tax rolls have been delivered to the county treasurer and no certificate from this Board would be appropriate concerning question number three. Therefore, your third question is answered in the negative in that the county assessor has no authority to make any alteration, change or amendments in the assessments after he has received the certificate from the State Board of Equalization. Question number four was as follows: "4. Is it lawful for any county assessor to make any change, alteration or amendment while extending the levies from his abstract to the tax rolls, of his own volition?" Title 68 O.S. 2474 [68-2474](a) provides as follows: "(a) It shall be the duty of the County Assessor to proceed to extend the tax levies on his tax rolls immediately upon receipt of the certification of such levies from the County Excise Board, without regard to any protest that may be filed against any levy." No authority is granted to the county assessor to make any changes or adjustments after having received the tax levies from the Excise Board and he is to immediately enter these levies on the tax rolls. Therefore, your question number four is answered in the negative. The county assessor does not have the authority to make any changes or alterations while extending the levies from his abstract to the tax rolls. Question number five was as follows: "5. Except in the manner and in accordance with the provisions of 68 O.S. 2479 [68-2479] and 68 O.S. 2480 [68-2480] (1971), may the county treasurer or county assessor alter, change or amend the tax rolls after such rolls are delivered to the county treasurer ?" Title 68 O.S. 2479 [68-2479] (1971) provides in part as follows: "After delivery of the Tax Rolls to the County Treasurer of any county, no correction or alteration as to any item contained therein as of such date of delivery shall ever be made, except by the County Treasurer and on authority of a proper certificate authorized by law or pursuant to order or decree of court in determination of a tax protest or other proper case." Said Section 68 O.S. 2479 [68-2479] goes on to create a Tax Roll Corrections Board which is empowered to have a hearing for corrections on the tax rolls for specified reasons set out in the remaining portions of the section. The changes that might result in the tax rolls pursuant to this section are to be made only by the county treasurer and not by the county assessor and by the county treasurer only after receipt of a court order or a certificate issued or authorized by the Tax Roll Corrections Board. Title 68 O.S. 2480 [68-2480] (1971) provides in part as follows: "Whether upon discovery by the County Treasurer or County Assessor or any of their deputies, or upon complaint of the taxpayer, his agent or attorney or any person acting in his behalf, upon certificate of clerical error issued by the County Assessor to the County Treasurer, with a copy to the County Clerk and a copy retained, the County Treasurer shall be authorized to make correction upon his tax rolls of either of the following specifically enumerated errors of strictly clerical import not involving valuations assessed and equalized and not involving any exemption allowed whether of homestead, service in the armed forces, charitable, educational, religious, or other authorized exemptions, . . ." It should be noted that the county assessor may issue a certificate of clerical error pursuant to the above section to the county treasurer. Thereupon the county treasurer is authorized to make those specifically enumerated corrections on the tax rolls. These are the only methods by which the tax rolls may be altered pursuant to law. Therefore your question number five is answered as follows: Only the county treasurer may make changes on the tax rolls and then only in accordance with the strict provisions of Title 68 O.S. 2479 [68-2479] and 68 O.S. 2480 [68-2480]. It is, therefore, the opinion of the Attorney General that your questions be answered as follows: Delinquent personal property taxes must be entered on the personal tax lien docket whether or not the ad valorem taxes on the taxpayer's real property are delinquent. That the county assessor may not alter or in any way amend assessments after having received the certificate and equalizations from the State Board of Equalization nor may he alter or amend any assessment while extending the levies from his abstract to the tax rolls. That the county treasurer is the only person authorized to alter tax rolls and then only in accordance with the strict provisions of Title 68 O.S. 2479 [68-2479] and 68 O.S. 2480 [68-2480] (1971). (James H. Gray) ** SEE: OPINION NO. 73-273 (1973) **